Allen *v.* The State.

## JAMES ALLEN *v.* THE STATE.

1. APPEAL. *No, from order after conviction.* No appeal lies from an order of the trial court providing for the safe custody, within the jurisdiction of the court, of a prisoner, convicted of one offense, for trial of another offense of which he stands indicted in the same court.

2. SENTENCE. *Suspension of.* And, it seems, the court may suspend the execution of the judgment of conviction for this purpose.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. N. HACKER, J.

W. F. YARDLEY and L. L. LAWRENCE for plaintiff in error.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

On October 13, 1882, the plaintiff in error was found guilty of larceny by a jury, and judgment was rendered in accordance with the verdict. On the next day, an entry was made on the minutes of the court to the effect that the attorney-general, the defendant being at the bar in proper person as well as by attorney, moved the court to "suspend the judgment," which was accordingly done, until the next term. The entry recites as the reason for this action, that it appeared to the court "from the record and the trans-

actions in open court in this cause and in the other cause" of an indictment against the prisoner for the grand larceny of a horse, that the latter indictment was found on October 11th, and the indictment on which defendant stood convicted on October 12, 1882; that the trial of the first indictment was continued until the next term by the defendant; and that the defendant went to trial upon the second indictment, but withdrew his plea of not guilty after the examination of the first witness, whereupon the jury assessed his punishment to four years in the penitentiary, and judgment was rendered accordingly. The entry recites that the court, being of opinion from these facts that the judgment should be suspended until the next term in order that he might be tried on the other indictment, suspends the judgment accordingly. To the ruling of the court in sustaining the motion of the attorney-general, and suspending the judgment, the defendant excepted, and prayed an appeal in the nature of a writ of error from the judgment of suspension which was granted.

The trial court may suspend the execution of its judgment in a proper case: *Allen* v. *State,* M. & Y., 274; *Fults* v. *State,* 2 Sneed, 232; *Whitney* v. *State,* 6 Lea, 249. In the first of these cases, after the rendition of a judgment upon a verdict of manslaughter, there was an entry upon the minutes to the effect that the defendant moved the court to suspend the execution of the judgment until the next term, and to take bail for his appearance, to the end that he might apply to the governor for pardon, which motion was

overruled, and the defendant prayed an appeal, which was granted. This court was of opinion that the entry thus made, and the matter thereof were no part of the record, not having been made such by a bill of exceptions. In that view, the entry in the case before us is no part of the record, and cannot be noticed. But if it were otherwise, the Criminal Code, sections 5228, 5273, 5274, provides for the trial, conviction and punishment of a defendant for several distinct offenses, the punishment of imprisonment in one case to commence at the end of the term in another. The trial court has the authority to retain the prisoner within its jurisdiction, and provide for his safe custody until he can be tried for each of several offenses of which he may stand indicted. No appeal lies from an order made for these purposes.

Appeal dismissed.